UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jasmine Sims,

      Plaintiff(s),

v.

Danville Services of Nevada, LLC,

      Defendant(s).

Case No. 2:26-cv-01700-APG-NJK

**Order**

[Docket No. 1]

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1.

The Court may authorize the commencement of an action without prepayment of fees and costs, or security therefore, by a person who has shown an inability to pay them. 28 U.S.C. § 1915(a)(1). A determination of whether the plaintiff has shown an inability to pay is a matter left to the discretion of the Court. *See, e.g.*, *Flores v. Colvin*, 2014 U.S. Dist. Lexis 93236, at *2 (D. Nev. May 22, 2014), *adopted*, 2014 U.S. Dist. Lexis 93234 (D. Nev. July 9, 2014). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). While an applicant need not be absolutely destitute to qualify for a waiver of costs and fees, the applicant must demonstrate an inability to pay those costs while still providing for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Although a person's earnings as compared to the poverty line is not the deciding factor on an IFP application, the comparison does provide some context." *Espinoza Rodriguez v. Canyon County*, 2019 WL 3307834, at *1 (D. Id. July 23, 2019). When questions arise as to a plaintiff's pauper status, courts may make a further factual inquiry. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

The application in this case identifies biweekly income of $1,807, Docket No. 1 at 1, which equates to annual income of roughly $47,000 and is orders of magnitude higher than the federal poverty level for a single person, *see* https://www.healthcare.gov/glossary/federal-poverty-level-fpl/ (last visited June 8, 2026).  That monthly income is also well above the amounts that have led to denial of *in forma pauperis* status in other cases.  *See, e.g.*, *Brunson v. Soc. Sec.*, 2019 WL 6709544, at *1 (D. Nev. Oct. 31, 2019) (denying *in forma pauperis* status based on monthly income of $1,397), *adopted*, 2019 WL 6700193 (D. Nev. Dec. 9, 2019).  Moreover, while the application identifies substantial monthly expenses, the information provided raises questions.  For example, Plaintiff does not identify ownership of any automobile, but she identifies a monthly vehicle payment of $705.  Docket No. 1 at 2.  It would seem counterintuitive to find Plaintiff to be a pauper if she can afford to finance a vehicle for $705 each month.  *Cf. Espinoza Rodriguez*, 2019 WL 3307834, at *1.  At bottom, a financial picture has not been painted that a single person with an annual income of $47,000 cannot afford to pay the $405 filing fee.

Accordingly, the Court **DENIES** without prejudice Plaintiff's application to proceed *in forma pauperis*.  No later than June 22, 2026, Plaintiff must either pay the filing fee or file a renew application to proceed *in forma pauperis*.  If Plaintiff continues to seek pauper status, she must use the <u>long-form</u> application.  The Clerk's Office is **INSTRUCTED** to send Plaintiff the long-form application for non-prisoners.

IT IS SO ORDERED.

Dated: June 8, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

2